```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :    CRIMINAL ACTION
                              :
          v.                  :
                              :
WADE KNIGHT                   :    NO. 00-38
```

MEMORANDUM

Bartle, C.J.                                          July 31, 2007

Before the court is the pro se motion of Wade Knight ("Knight") seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

I.

Knight is well known to both this court and our Court of Appeals. See United States v. Knight, 2007 WL 1847400 (3d Cir. June 28, 2007). In May, 2000 he was convicted by a jury of conspiracy to interfere with interstate commerce by robbery and interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951. On September 7, 2000, we sentenced Knight to 235 months of imprisonment, three years of supervised released, restitution, and special assessments. Our Court of Appeals affirmed. See United States v. Knight, 281 F.3d 225 (3d Cir. 2001) (Table). The Supreme Court denied certiorari. Knight v. United States, 535 U.S. 947 (2002). Knight then filed a motion pursuant to 28 U.S.C. § 2255, which we denied on November 1, 2002 and did not issue a certificate of appealability. Knight turned to our Court of Appeals for a certificate of appealability, which

was denied in September, 2003.  Returning to this court, Knight sought relief from our Memorandum and Order denying his § 2255 motion, under the rubric of an "independent action" under Rule 60(b).  We denied the motion on November 13, 2003 on the ground that the motion was really a second and successive petition under § 2255.  After we denied numerous motions designed to have us revisit our denial of his Rule 60(b) motion, Knight again turned to the Court of Appeals, which denied his request for a certificate of appealability.  Knight then sought a modification of his sentence pursuant to 18 U.S.C. § 3582(c), which was denied, as were two additional efforts to obtain certificates of appealability from our Court of Appeals.[1]  More recently we denied, without discussion, yet another motion filed by Knight in December, 2006 in which he challenged the "government's jurisdiction under 18 U.S.C. § 1951."  Our Court of Appeals affirmed.  See Knight, 2007 WL 1847400, *2.

Before the court is Knight's most recent motion, that is, another "independent action" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

II.

Congress has enacted a procedure a federal prisoner must follow before filing a second or successive motion collaterally attacking his conviction and/or sentence.  See 28

---

1. In its most recent unpublished opinion denying relief to Knight, our Court of Appeals set forth the various case numbers assigned to Knight's plethora of efforts to obtain relief in that court.  See Knight, 2007 WL 1847400, *1.

U.S.C. §§ 2244, 2253, 2255.  Knight should be familiar with this procedure having unsuccessfully attempted to circumvent it on several prior occasions.  A prisoner must obtain authorization from the appropriate court of appeals to proceed with a second or successive motion before a district court can entertain it.  In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997); 28 U.S.C. §§ 2255 ¶ 8, 2244(b)(3).  The court of appeals may grant authorization only in certain narrow circumstances.  See 28 U.S.C. §§ 2255 ¶ 8.  Otherwise, a second or successive motion must be dismissed.  Unless and until the court of appeals grants the petitioner permission, the district court is without jurisdiction to decide the motion.  Id.; see also United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007).

Because of the high hurdle imposed by Congress, some petitioners, including Knight, have attempted to escape the limitation by filing under various other labels what is in reality a second or successive motion under § 2255.  Our Court of Appeals has joined several others in finding that the substance of a motion, regardless of its label, determines how the courts must treat it, including whether or not the limitations on second and successive habeas motions apply.  See Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004); Carraway, 478 F.3d at 849.

A motion under § 2255 challenges the legal validity of the prisoner's confinement, if his sentence was imposed in "violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence,

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255 ¶ 1.  On the other hand, a motion properly made pursuant to Rule 60(b) attacks the "manner in which the earlier habeas judgment was procured and not the underlying conviction."  Pridgen, 380 F.3d at 727.  A Rule 60(b) motion is not a second or successive § 2255 motion if it does not challenge "the substance of the federal court's [prior] resolution of a claim on the merits, but [rather] some defect in the integrity of the federal habeas proceedings."  Gonzales v. Crosby, 545 U.S. 524, 532 (2005).  To the extent a Rule 60(b) motion seeks "a second chance to have the merits determined favorably," however, it must be recharacterized as a motion under § 2255.  Id. at 532 n.5.

### III.

Knight claims that this court:  (1) violated his constitutional rights by not re-sentencing him under various provisions of the United States Sentencing Guidelines; (2) abused its discretion by denying his "Apprendi claim" at his sentencing; and (3) erred when it did not apportion restitution among his "codefendants."  At this point, these claims, which all concern his sentencing, must be raised in a motion made pursuant to § 2255, not Rule 60(b).  Knight, however, has previously brought a motion under § 2255.  As with every other prior, unsuccessful attempt by Knight to file, under a myriad of styles, what is substantively a successive motion for relief under § 2255, he

must seek and obtain permission from our Court of Appeals to file the instant motion.

Accordingly, we will dismiss Knight's present motion without prejudice to his right to seek authorization from the United States Court of Appeals for the Third Circuit to proceed in this court.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| WADE KNIGHT | : | NO. 00-38 |

<u>ORDER</u>

  AND NOW, this 31st day of July, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of Wade Knight pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is DENIED without prejudice to his right to seek authorization from the United States Court of Appeals for the Third Circuit to proceed in this court.

            BY THE COURT:


            /s/ Harvey Bartle III
                      C.J.